IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| JAISON FRANCISCO and SHENETTE FRANCISCO, Plaintiffs, | Case No. 25-cv-2283-MSN-WBP |
| v. | Removed from the Circuit Court of Fairfax County, Virginia. Case No. 2025-14443 |
| TASTYTRADE, INC., Defendant. | |

**DEFENDANT TASTYTRADE, INC'S**
**BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1406(a)**
**OR, IN THE ALTERNATIVE, 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

III. ARGUMENT ........ 3

A. Venue Is Improper in the Eastern District of Virginia and Transfer Is Required Under 28 U.S.C. § 1406(a) ........ 3

B. In the Alternative, Transfer to the Northern District of Illinois Is Warranted Under 28 U.S.C. § 1404(a) ........ 6

1. Plaintiffs' Choice of Forum Should Be Given No Weight Because This Forum Lacks Personal Jurisdiction Over Defendants and the Operative Facts Are Located in Illinois ........ 7

2. The Convenience of Witnesses Warrants Transfer ........ 12

3. The Convenience of the Parties Weigh in Favor of Transfer ........ 13

4. The Interests of Justice Would Be Promoted Through Transfer ........ 14

IV. CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**1. Cases**

*Bluestone Innovations, LLC v. LG Electronics, Inc.*,
940 F. Supp. 2d 310 (E.D. Va. 2013) ....................12, 13, 14

*Conte v. Commonwealth of Virginia*,
2020 WL 3883251 (E.D.Va. July 9, 2020) ....................5

*Continental Grain Co. v. Barge FBL–585*,
364 U.S. 19 (1960) ....................5

*Convergence Techs. (USA), LLC v. Microloops Corp.*,
711 F. Supp. 2d 626 (E.D. Va. 2010) ....................1

*Dickerson v. Novartis Corp.*,
315 F.R.D. 18 (S.D.N.Y. 2016) ....................11

*Doe v. Choice Hotels Int'l, Inc.,*
2025 WL 3280238 (D. Md. Nov. 25, 2025) ....................7

*Estate of Johnson by Harrison v. L. Offs. of David A. Sims, PLLC*,
2024 WL 4008654 (S.D.W. Va. Aug. 30, 2024) ....................4

*Fidrych v. Marriott Int'l, Inc.*,
952 F.3d 124, 130–31 (4th Cir. 2020) ....................8

*Fitzgibbon v. Radack*,
597 B.R. 836 (E.D. Va. 2019) ....................7

*Fred Bergman Healthcare Pty Ltd. v. Seneca Sense Techs., Inc.*,
2023 WL 6466698 (E.D. Va. Apr. 22, 2023) ....................10

*Goldlawr, Inc. v. Heiman*,
369 U.S. 463 (1962) ....................5

*Grizzard v. LG Chem Ltd.*,
641 F. Supp. 3d 282 (E.D. Va. 2022) ....................8

*Gubarev v. BuzzFeed, Inc.*,
253 F. Supp. 3d 1149 (S.D. Fla. 2017) ....................7

*Khashoggi v. NSO Grp. Techs. Ltd.*,
138 F.4th 152 (4th Cir. 2025) ....................8, 9, 10

*Lane v. Gray Transp., Inc.*,
No. 2:20-CV-40, 2021 U.S. Dist. LEXIS 183677, (N.D.W. Va. Sept. 24, 2021) ....................9

*Leroy v. Great W. United Corp.*,
443 U.S. 173 (1979)....................5

*Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*,
669 F. Supp. 3d 555 (E.D. Va. 2023) ....................8

*Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*,
453 F. Supp. 3d 842 (E.D. Va. 2020) ....................5

*Orbital Austl. PTY Ltd. v. Daimler AG*,
2015 U.S. Dist. LEXIS 86631 (E.D. Va. July 1, 2015)....................7

*Samsung Electronics Co. v. Rambus, Inc.*,
386 F. Supp. 2d 708 (E.D. Va. 2005) ....................14, 15

*Seltzer v. Omni Hotels*,
2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010)....................12

*SoundExchange, Inc. v. Sirius XM Radio, Inc.*,
2024 WL 3416263 (E.D. Va. July 15, 2024)....................11

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988)....................14

*Tlapanco v. Elges*,
207 F. Supp. 3d 324 (D. Conn. 2016)....................11

*Trend Micro Inc. v. Open Text, Inc.*,
2023 WL 6446333 (E.D. Va. Sept. 29, 2023) ....................7

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*,
791 F.3d 436 (4th Cir. 2015) ....................6, 11

*UMG Recordings, Inc. v. Kurbanov*,
963 F.3d 344 (4th Cir. 2020) ....................9

*Walden v. Fiore*,
571 U.S. 277, 284 (2014) ....................9

*Wenzel v. Knight*,
2015 WL 222179 (E.D. Va. Jan. 14, 2015) ....................5

*Zaltz v. JDATE*,
952 F. Supp. 2d 439 (E.D.N.Y. 2013) ....................12

**2. Statutes**

28 U.S.C. § 1391(b)(2) ....................3

28 U.S.C. § 1404(a) .................... *passim*

28 U.S.C. § 1406(a) .................... *passim*

## I. <u>INTRODUCTION</u>

Defendant tastytrade, Inc. ("tastytrade") respectfully moves this Court pursuant to 28 U.S.C. § 1406(a), or in the alternative, 28 U.S.C. § 1404(a), to transfer this action ("Motion to Transfer Venue") to the United States District Court for the Northern District of Illinois. Venue in this District is improper under 28 U.S.C. § 1406(a) because no substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Instead, the operative events occurred in Illinois. Accordingly, transfer is required in the interest of justice.

In the alternative, if the Court concludes that venue is proper in the Eastern District of Virginia, transfer is warranted under 28 U.S.C. § 1404(a) for convenience of the parties. Specifically, in view of the fact that, for example, this District does not have personal jurisdiction over tastytrade, that tastytrade is headquartered in the Northern District of Illinois (Chicago), that its internal operations, account administration, platform functionality, and relevant employee conduct all occurred in Illinois, that the parties agreed to Illinois law, and that Illinois courts possess significant expertise in and routinely handle claims based on Illinois law, the convenience of the parties and witnesses and the interests of justice strongly favor transfer to and litigation in the Northern District of Illinois. Accordingly, and for at least the reasons set forth below, tastytrade's Motion to Transfer Venue should be granted. [1]

## II. <u>BACKGROUND</u>

In or about August 2023, Plaintiff Jaison Francisco ("Plaintiff") sought out tastytrade's

---

[1] By this Motion to Transfer Venue, tastytrade does not waive any rights or defenses and expressly reserves all such rights and defenses, including, without limitation, objections based on lack of personal jurisdiction and all defenses under Federal Rule of Civil Procedure 12(b). *See Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 633 (E.D. Va. 2010) (holding that a motion to transfer does not waive personal jurisdiction or other Rule 12(b) defenses).

services and opened a tastytrade account, without any individualized solicitation or targeting by tastytrade to Plaintiff. *See* Doc. 1-1 (Complaint) ("Compl.") ¶¶ 7–8. Plaintiff does not allege that tastytrade initiated contact with him, directed advertising specifically to his state of residence, or otherwise purposefully availed itself of the privilege of conducting business in the Commonwealth of Virginia. Rather, Plaintiff alleges only that tastytrade published a general promotional advertisement (*Id.* ¶ 7), which was accessible nationwide.

On August 31, 2023, Plaintiff, acting on his own initiative, emailed tastytrade to inquire about the terms of the promotion. *Id.* ¶ 8. On September 11, 2023, Plaintiff unilaterally deposited approximately $138,100 into his tastytrade account. *Id.* ¶ 9. Plaintiff further alleges that he instructed tastytrade to maintain the account on a no leverage basis. *Id.* ¶ 10. At no point does Plaintiff allege that tastytrade compelled, directed, or required Plaintiff to open an account, make a deposit, or take any action within the Commonwealth of Virginia. All alleged conduct arises from Plaintiff's own voluntary decisions and communications initiated by Plaintiff. Additionally, Plaintiff agreed to and dually executed a Futures Customer Agreement and Acknowledgments ("Futures Agreement") (attached to the Complaint) that explicitly states any dispute is governed by Illinois law:

> "**This Futures Agreement and any claims and disputes between the parties** shall be **governed by** and subject to the **internal laws**…and decisions of the courts of the State of **Illinois**." (Complaint, Ex. 2, Dkt. 1-1 at 38-52)

Plaintiff also alleges that on September 26–27, 2023, his account experienced a system error, showing a false negative balance of approximately $696,134 and failing to execute market sell orders, resulting in a permanent loss of approximately $87,837. Compl. ¶¶16–17. Plaintiff claims he received no timely support from tastytrade during the incident and disputes tastytrade's explanation that a "session timeout" caused the errors. *Id.* ¶ 20. However, tastytrade's help desk

and offices are not located in Virginia. *See* Adler Decl. ¶¶ 4–5.

Plaintiff initiated two prior proceedings in different forums based on identical facts, the same agreements, and for nearly identical claims. Specifically, Plaintiff first initiated a Commodities Futures Trading Commission (CFTC) reparations proceeding (CFTC Docket No. 24-R001) on or about October 12, 2023. On December 6, 2024, a CFTC Judge dismissed all of Plaintiff's claims. *See* **Exhibit 1**. Next, on September 21, 2025, Plaintiff initiated an arbitration proceeding with the National Futures Association (NFA) (NFA Case No. 25-ARB-12), which remains pending. Finally, on or about September 26, 2025, Plaintiff and Plaintiff Shenette Francisco ("Plaintiff's wife") (collectively, "Plaintiffs") filed this action in the Fairfax County Circuit in the Commonwealth of Virginia. tastytrade thereafter properly removed this action to the United States District Court for the Eastern District of Virginia.

## III. ARGUMENT

### A. Venue Is Improper in the Eastern District of Virginia and Transfer Is Required Under 28 U.S.C. § 1406(a)

Venue is improper in this District because no substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Virginia. Plaintiff's unilateral opening of a tastytrade account, purportedly based in part on a generic and non-targeted nationwide advertisement, and unilateral outreach to the tastytrade help desk in Chicago, Illinois does not give rise to proper Venue in this District. Additionally, the Parties agreed to a venue clause that requires venue to be Illinois.

For the present matter, Venue can only be proper in this District if "a substantial part of the events or omissions giving rise to the claim occurred" in this District. *See* 28 U.S.C. § 1391(b)(2). Here, Venue in the Eastern District of Virginia is improper because no substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. tastytrade is a Delaware

corporation with its principal place of business in Chicago, Illinois. *See* Adler Decl. ¶ 3. The conduct challenged in the Complaint occurred in Illinois, and the relevant witnesses and documents are located there. *Id.* ¶¶ 4, 6. For example, the tastytrade help desk, which Plaintiff unilaterally reached out to, is located in Chicago, Illinois. *Id.* ¶ 4. Any connection to Virginia is incidental and insufficient to establish proper venue.

Furthermore, the claims asserted in the Complaint are governed by Illinois law. Specifically, the parties agreed to and dually executed the Futures Agreement (Complaint, Ex. 2, Dkt. 1-1 at 38-52), which provides that all claims and disputes shall be governed by, and subject to, the internal laws and decisions of the courts of the State of Illinois. Futures Agreement at 13 (Dkt. 1-1 at 50 ("Governing Law")). In addition, Plaintiffs' damages theory itself relies on Illinois law. In the Complaint, Plaintiff pleads that, if Illinois law governs by contract, he seeks enhanced punitive damages available under Illinois law against an Illinois defendant, confirming Plaintiff's own recognition that Illinois law controls key aspects of this dispute. Compl. ¶¶ 34, 39, 45, 58, 71.

Plaintiff's only venue allegations are that "Venue is proper in Fairfax County under Va. Code § 8.01-262, as Plaintiffs reside here [(in Virginia)] and a substantial part of the events occurred here. Defendant maintains sufficient contacts with Virginia through continuous business activities directed at Plaintiffs, satisfying due process requirements." Compl. ¶ 4. At the outset, such conclusory allegations, without any evidentiary support, fail to satisfy the requisite pleading standards and fail to make a prima facie showing of venue. *See Estate of Johnson by Harrison v. L. Offs. of David A. Sims, PLLC,* 2024 WL 4008654, at *3 (S.D.W. Va. Aug. 30, 2024) (holding that plaintiff failed to make a prima facie showing of venue where the complaint "merely [made] a recitation of the legal standard without factual support" and alleged "virtually no allegations indicating a substantial portion" of defendants' acts or omissions occurred in the forum). Moreover,

these allegations are demonstrably false for the reasons discussed above. Furthermore, Plaintiff's residence in the forum is irrelevant to venue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979) (explaining that § 1391 does not permit venue based on the plaintiff's residence and limits venue to districts connected to defendants or the underlying events).

Section 1406(a) provides that when a case is filed in an improper venue, the court can, in the interest of justice, transfer it to a district in which it could have been brought. 28 U.S.C. § 1406(a). The Supreme Court has made clear that § 1406(a) authorizes transfer even where the plaintiff's venue selection was erroneous, regardless of whether the transferor court has personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Consistent with this guidance, courts in this District generally favor transfer over dismissal absent evidence of bad faith or harassment. *Conte v. Commonwealth of Virginia,* 2020 WL 3883251 (E.D. Va. July 9, 2020).

Courts consider several factors when weighing the interest of justice in a § 1406(a) transfer. These include the court's familiarity with applicable law, access to premises that might need to be viewed, the possibility of unfair trial, the ability to join other parties, and the potential for harassment. *Conte*, 2020 WL 3883251, at *4 (citing *Wenzel v. Knight*, 2015 WL 222179, at *3-4 (E.D. Va. Jan. 14, 2015)). Applying these factors here, the Northern District of Illinois is clearly the forum most closely connected to the operative facts in view of tastytrade's headquarters, personnel, and files being located in that District. Additionally, the courts in that District are intimately familiar with Illinois law and adjudicating claims arising under it, and transferring the case would best serve the interests of justice.

Lastly, Plaintiff agreed to and dually executed the Futures Agreement that explicitly requires venue to be Illinois:

> "**This Futures Agreement and any claims and disputes between the parties** shall be **governed by** and subject to the **internal laws**…and decisions of the **courts** of the State of **Illinois**." (Complaint, Ex. 2, Dkt. 1-1 at 38-52)

Accordingly, venue in this District is improper.

Because Plaintiffs filed this action in a district where venue is improper, transfer to the Northern District of Illinois is required and proper under § 1406(a). The Northern District of Illinois is a district in which this action could have been brought originally as diversity jurisdiction would still exist and the purported amount in controversy is greater than $75,000. Transfer rather than dismissal serves the interests of justice.

**B. In the Alternative, Transfer to the Northern District of Illinois Is Warranted Under 28 U.S.C. § 1404(a)**

In the alternative, if the Court concludes that venue is proper in the Eastern District of Virginia, transfer is warranted under 28 U.S.C. § 1404(a) because the convenience of the parties and witnesses and the interests of justice favor litigation in the Northern District of Illinois. Section 1404(a) permits transfer "for the convenience of the parties and witnesses, in the interest of justice" to any district where the action could have been brought. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public from unnecessary inconvenience and expense. *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27 (1960).

Courts in the Fourth Circuit evaluate § 1404(a) motions by considering four factors: (1) the weight accorded to the plaintiff's choice of forum; (2) convenience of witnesses and access to evidence; (3) convenience of the parties; and (4) the interests of justice. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Although the movant bears the burden of demonstrating that transfer is warranted, that burden is satisfied where the balance of convenience strongly favors transfer. *Fitzgibbon v. Radack*, 597 B.R.

836, 843 (E.D. Va. 2019).

In the present case, the Northern District of Illinois is a district in which this action could have been brought originally as diversity jurisdiction would still exist and the purported amount in controversy is greater than $75,000. Additionally, each and every factor weighs decisively in favor of transfer, thereby collectively amounting to strongly favoring transfer.

**1. Plaintiffs' Choice of Forum Should Be Given No Weight Because This Forum Lacks Personal Jurisdiction Over Defendants and the Operative Facts Are Located in Illinois**

The first factor weighs strongly in favor of transfer because Plaintiffs' choice of forum should be afforded no weight in view of the present District lacking personal jurisdiction over Defendant, and the operative facts giving rise to the claim being located in Illinois.

**(a) The Present Forum Lacks Personal Jurisdiction Over Defendant**

First, this District lacks personal jurisdiction over Defendant, or it is, at best, contested or doubtful. Deference to a plaintiff's forum choice is diminished where personal jurisdiction in the chosen forum is contested, doubtful, or lacking. Courts in this Circuit have recognized that, as a matter of judicial economy and fairness, transfer is appropriate where proceeding in the chosen forum would require the court to resolve a close or uncertain question of personal jurisdiction. *See Orbital Austl. PTY Ltd. v. Daimler AG*, 2015 WL 4042178, at *6 (E.D. Va. July 1, 2015) (giving plaintiff's forum choice "no weight" and emphasizing that transfer avoids the risk of litigating a case that could later be dismissed for lack of jurisdiction); *Doe v. Choice Hotels Int'l, Inc.*, 2025 WL 3280238, at *7 (D. Md. Nov. 25, 2025) (finding plaintiff's forum choice not entitled to meaningful deference where personal jurisdiction was "highly doubtful").

Federal courts recognize two categories of personal jurisdiction: general and specific jurisdiction. *Trend Micro Inc. v. Open Text, Inc.*, 2023 WL 6446333, at *9 (E.D. Va. Sept. 29, 2023). General jurisdiction permits suit for any claim, while specific jurisdiction permits suit only

where the litigation arises out of the defendant's forum-directed contacts. *Id.*; *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 159–60 (4th Cir. 2025). In this case, neither general nor specific jurisdiction exists over tastytrade. Therefore, Plaintiff's forum choice is afforded no weight.

**i. General Jurisdiction Does Not Exist Over tastytrade**

General jurisdiction does not exist over tastytrade because tastytrade is a Delaware corporation with its principal place of business in Chicago, Illinois, and has no offices, facilities, or other relevant contacts with Virginia. General jurisdiction over a defendant exists only when its contacts with the forum are "so constant and pervasive as to render it essentially at home in the forum state." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020). Courts strictly apply this standard, recognizing that a corporation "that operates in many places can scarcely be deemed at home in all of them." *Id.* at 134. This Court has emphasized that general jurisdiction exists only when a corporation is truly "at home" in the forum and has declined to exercise general jurisdiction even though, for example, a defendant operated a distribution center in Virginia, holding that such contacts were insufficient to render the corporation essentially at home.[2] *See Grizzard v. LG Chem Ltd.*, 641 F. Supp. 3d 282, 290 (E.D. Va. 2022); *Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*, 669 F. Supp. 3d 555, 562 (E.D. Va. 2023).

tastytrade is a Delaware corporation with its principal place of business in Chicago, Illinois. Adler Decl. ¶ 3. It does not maintain offices or mailing addresses in Virginia, and it does not have employees, agents, or representatives in the Commonwealth other than a single employee whose responsibilities are not relevant to this matter. Adler Decl. ¶¶ 3–4, 6. It does not own or lease real

---

[2] Courts consider several non-exhaustive factors to assess whether a corporation is "at home" in the forum, including whether it maintains offices or agents in the forum, owns property there, solicits or initiates business in the forum, engages in significant or long-term business activities, agrees contractually that the forum's law governs disputes, makes in-person contact with forum residents, communicates extensively regarding business in the forum, or performs contractual duties within the forum. *Grizzard*, 641 F. Supp. 3d at 289–90.

property, maintain bank accounts, or hold other assets in Virginia. Adler Decl. ¶ 7. Accordingly, tastytrade is not "at home" in Virginia and general jurisdiction is improper. Notably, Plaintiff's "Jurisdiction and Venue" contention that "Defendant maintains sufficient contacts with Virginia through continuous business activities directed at Plaintiffs" (Compl. ¶ 4) does not even appear to allege general jurisdiction.

**ii. Specific Jurisdiction Does Not Exist**

Specific jurisdiction is also absent because Plaintiffs' claims do not arise from any contacts that tastytrade purposefully directed at Virginia. Specific jurisdiction requires that a defendant engage in conduct "expressly aimed" at the forum state, such that the litigation arises directly from those forum-directed activities. *Khashoggi*, 138 F.4th at 161; *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Courts consistently hold that the "relationship among the defendant, the forum, and the litigation" must stem from the defendant's own actions, not the unilateral activity of the plaintiff or third parties. *Lane v. Gray Transp., Inc.*, No. 2:20-CV-40, 2021 U.S. Dist. LEXIS 183677, at *10 (N.D.W. Va. Sept. 24, 2021). The Fourth Circuit distills this inquiry into a three-part test examining "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Khashoggi*, 138 F.4th at 160 (quoting *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020)).

Here, the first factor strongly weighs against finding specific jurisdiction as tastytrade does not conduct in-person business in Virginia, it does not direct advertising, marketing, or promotional campaigns specifically to Virginia residents, and it does not require customers to travel to Virginia to open or maintain an account. Adler Decl. ¶¶ 8-9. Additionaly, relevant business records are

maintained outside Virginia. Adler Decl. ¶¶ 3-7 & 10. Any interactions with Plaintiff occurred remotely and were not directed to Virginia. Adler Decl. ¶ 11.

The second factor also greatly favors declining to find specific jurisdiction, as none of tastytrade's actions or conduct were being directed toward Virginia. Again, Plaintiff unilaterally opened a tastytrade account, purportedly based in part on a nationwide advertisement not specifically directed to Virginia, and unilaterally reached out to tastytrade's help desk, which is located in Chicago, Illinois. Plaintiffs cannot manufacture jurisdiction based solely on their unilateral actions.

Lastly, the third factor also weighs against finding specific jurisdiction as exercising jurisdiction would be constitutionally unreasonable. Courts weigh factors including the burden on the defendant, the interests of the forum state, the plaintiffs' interest in obtaining relief, and the interstate judicial system's interest in efficient resolution. *Khashoggi*, 138 F.4th at 161. Forcing tastytrade to litigate in Virginia, far from its headquarters and the locus of the operative facts, imposes a substantial burden while serving no meaningful interest of the Commonwealth of Virginia. Illinois, where tastytrade is based, where the alleged conduct occurred, and which Plaintiff's claims are partially based on, provides a far more appropriate forum.

Accordingly, because tastytrade has not purposefully directed activities at Virginia, Plaintiffs' claims do not arise from Virginia-related conduct, and jurisdiction would be unreasonable, specific jurisdiction is plainly lacking.

Moreover, even where courts decline to resolve personal jurisdiction, or where jurisdiction may ultimately exist, a plaintiff's forum choice may still receive reduced deference when transfer better serves the interest of justice. *Fred Bergman Healthcare Pty Ltd. v. Seneca Sense Techs., Inc.*, 2023 WL 6466698, at *2–3 (E.D. Va. Apr. 22, 2023); *SoundExchange, Inc. v. Sirius XM Radio,*

*Inc.*, 2024 WL 3416263, at *7–8 (E.D. Va. July 15, 2024). Here, transfer would best serve the interest of justice at least because Defendant's headquarters, personnel, files, and support desk are in the Northern District of Illinois. Additionally, Plaintiff's claims are based, at least in part, on Illinois law—an area in which courts in the Northern District of Illinois have substantial experience and expertise.

**(b) The Present Forum Is Not the Locus Of Operative Facts, Which Favors Transfer**

Even apart from the personal jurisdiction concerns discussed above, Plaintiffs' choice of forum is entitled to limited weight because Virginia is not the locus of the operative facts giving rise to the claims.

Although a plaintiff's choice of forum is ordinarily entitled to deference, that deference is reduced where the chosen forum is not the locus of the operative facts giving rise to the claims. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444; *Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 846 (E.D. Va. 2020). In such circumstances, courts grant a plaintiff's choice diminished weight, even when the plaintiff resides in the chosen forum.

Federal courts consistently recognize that "the location of operative facts is a primary factor" in determining whether transfer is warranted under 28 U.S.C. § 1404(a). *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 30 (S.D.N.Y. 2016). The locus of operative facts is defined as "the site of the events from which the claim arises," *id*., or "the place where the acts or omissions for which defendants could be held liable occurred," *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (D. Conn. 2016). This inquiry focuses on "the place where events and actors material to proving liability are located." *Gubarev v. BuzzFeed, Inc.*, 253 F. Supp. 3d 1149, 1165-66 (S.D. Fla. 2017) (citing *Seltzer v. Omni Hotels*, 2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010)).

Courts applying this framework routinely reject the notion that a plaintiff's residence or the location from which a service is accessed establishes the locus of operative facts. In *Zaltz v. JDATE*, the court held that although the plaintiff accessed the defendant's website from New York, the operative facts were centered where the defendant's employees worked and made the decisions giving rise to the alleged misconduct. 952 F. Supp. 2d 439, 455–56 (E.D.N.Y. 2013). The court emphasized that the claims turned on the conduct and motivations of the defendant's employees, and that the relevant witnesses and documents were located where those employees performed their work. *Id*.

Here, Plaintiffs' claims arise from tastytrade's internal operations, account administration, platform functionality, and employee conduct, all of which occurred in Illinois, where tastytrade is headquartered and where the relevant witnesses, documents, and decision-makers are located. Relevant business records are maintained outside Virginia, and no material witnesses are located in this District. *See* Adler Decl. ¶¶ 3-6, 9-10. Plaintiff's' residence in Virginia and their access to tastytrade's generally available website from Virginia do not alter this analysis. Because Virginia lacks a meaningful connection to the alleged conduct and personal jurisdiction over tastytrade in this forum is, at minimum, doubtful, Plaintiffs' choice of forum is entitled to limited weight, and transfer to the Northern District of Illinois is appropriate.

**2. The Convenience of Witnesses Warrants Transfer**

The convenience of witnesses is an important factor in the transfer analysis and in the present case weighs heavily in favor of transfer. Courts in this District recognize that the convenience of witnesses is an important consideration under § 1404(a). *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 317–18 (E.D. Va. 2013). While a movant must provide sufficient information regarding anticipated witnesses and the nature of their testimony, courts also recognize that, at an early stage of the case, it is permissible to infer that witnesses located at or

near the center of the operative activity are material, absent contrary evidence. *Id*. at 317.

Here, the operative conduct underlying Plaintiffs' claims occurred in Illinois and was carried out remotely via tastytrade's website and help desk in Illinois. tastytrade is a Delaware corporation with its principal place of business in Chicago, Illinois, and does not maintain offices or relevant employees or agents in Virginia. Adler Decl. ¶¶ 3–4, 6. As this case is in its infancy, relevant employees and custodians of records who are expected to have knowledge regarding internal decision-making, compliance, and account-related matters are located in Illinois. *Id*. Marketing and promotional efforts are conducted nationwide and are not targeted to Virginia. *Id*. ¶ 8. Interactions with Plaintiffs occurred remotely from the tastytrade help desk in Illinois and such witnesses are expected to be located in Illinois. *Id*. ¶ 4, 11. Accordingly, the witnesses most closely connected to the alleged activities are reasonably inferred to be located in Illinois, making transfer to the Northern District of Illinois far more convenient. Additionally, requiring these witnesses to travel to Virginia would impose unnecessary burden and expense, whereas litigating in the Northern District of Illinois would substantially reduce those burdens.

By contrast, Plaintiffs have not identified any non-party witnesses at all, much less any located in Virginia. Where, as here, the chosen forum lacks a meaningful connection to the operative facts and is inconvenient for the defendant's witnesses, transfer is appropriate and does not merely shift inconvenience from one party to another. *Bluestone Innovations, LLC*, 940 F. Supp. 2d at 317–18. This factor favors transfer.

**3. The Convenience of the Parties Weigh in Favor of Transfer**

This factor also favors transfer because tastytrade is a Delaware corporation with its principal place of business in Chicago, Illinois. Litigating this action in Virginia would impose significant and unnecessary inconvenience on tastytrade, particularly where its relevant employees, documents, and business operations are centered in Illinois. *See* Adler Decl. ¶¶ 4-6. By

contrast, litigating in the Illinois would substantially reduce those burdens and would not unfairly prejudice Plaintiffs, given the lack of meaningful ties between this dispute and Virginia.

Courts in this District have recognized that a defendant's home district may be a more convenient forum under § 1404(a). In *Bluestone Innovations, LLC*, the court held that party convenience favored transfer where the defendants were nonresidents and their headquarters, documents, and employees were located closer to the proposed transferee district. 940 F. Supp. 2d at 318. Similarly, in *Samsung Electronics Co. v. Rambus, Inc.*, the court recognized that a defendant's home district can be considered a convenient forum for that party. 386 F. Supp. 2d 708, 717 (E.D. Va. 2005)

The same considerations apply here. tastytrade's headquarters, relevant employees, and records are located in Illinois, making the Northern District of Illinois a more convenient forum than the Eastern District of Virginia.

**4. The Interests of Justice Would Be Promoted Through Transfer**

This final factor also favors transfer. Unlike the § 1406(a) analysis, which addresses improper venue, the § 1404(a) interest-of-justice inquiry focuses on systemic integrity, judicial economy, and fairness. Under § 1404(a), the interest-of-justice inquiry encompasses public interest factors aimed at "systemic integrity and fairness," including judicial economy and the avoidance of inconsistent judgments. *Samsung Elecs. Co.*, 386 F. Supp. 2d at 721 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). Courts also consider whether transfer would reduce duplicative litigation, promote efficient resolution of related claims, and prevent forum manipulation. *Id.*

Here, the Northern District of Illinois is the forum most closely connected to the operative facts underlying Plaintiffs' claims. tastytrade is headquartered in Illinois, the relevant witnesses and documents are located there, and the conduct giving rise to the dispute occurred outside

Virginia. The Eastern District of Virginia has not committed judicial resources to the merits of this case, and no efficiency would be lost by transfer at this early stage of the proceedings.

The interest of justice further favors transfer because Plaintiff has already pursued nearly identical claims in prior proceedings. Plaintiff previously initiated a CFTC arbitration that resulted in dismissal of all claims (Ex. 1), and Plaintiff has initiated a second arbitration before the NFA asserting substantially similar allegations. While these proceedings are not pending before a federal court, their existence underscores the importance of adjudicating this dispute in the forum most closely connected to the underlying facts to minimize the risk of inconsistent outcomes and unnecessary duplication. *See Samsung Elecs. Co.*, 386 F. Supp. 2d at 721–22 (recognizing that judicial economy and avoidance of inconsistent judgments are central considerations).

Additionally, the contract at issue contains a governing-law provision selecting Illinois law, and Plaintiffs themselves repeatedly invoke Illinois law in the majority of their claims. Compl. ¶¶ 34, 39, 45, 58, 71. Plaintiffs' express reliance on Illinois law underscores their recognition that Illinois has the most significant relationship to the dispute and is the appropriate jurisdiction for adjudication of their claims. Although the choice of law is not alone dispositive of venue, it strongly reinforces that Illinois is the logical and efficient forum for resolving this action. Because this Court has not yet invested substantial judicial resources, the operative facts are centered in Illinois, and transfer would promote judicial economy and reduce the risk of inconsistent outcomes, the interests of justice strongly favor transfer to the Northern District of Illinois.

In sum, transfer is warranted under 28 U.S.C. § 1404(a) because all factors weigh in favor of transfer.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, tastytrade respectfully requests that the Court transfer this action to the United States District Court for the Northern District of Illinois, either pursuant to 28 U.S.C. § 1406(a) because venue in the Eastern District of Virginia is improper, or, in the alternative, pursuant to 28 U.S.C. § 1404(a) because the convenience of the parties and witnesses and the interests of justice strongly favor transfer. Such a transfer will ensure that this dispute is litigated in the forum most closely connected to the operative facts, witnesses, and evidence, promoting judicial efficiency and minimizing unnecessary burdens on the parties.

RESPECTFULLY SUBMITTED this 29th day of December, 2025.

*/s/ Brian E. Foster*
Brian E. Foster, VA Bar No. 74888
BARNES & THORNBURG LLP
555 12th Street N.W.
Suite 1200
Washington, DC 20004-1275
Phone: (202) 408-6917
Fax: (202) 289-1330
bfoster@btlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on this 29th day of December, 2025, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be served via this Court's electronic filing system CMECF on the following attorneys of record. Parties may access this filing through the Court's system.

Further, I certify that a true and accurate copy of the foregoing was also deposited with the United States Postal Service on this 29th day of December, 2025, from 555 12th Street N.W., Suite 1200, Washington, DC, with first-class postage prepaid, and properly addressed for delivery to:

Jaison Francisco and Shenette Francisco
6850 Richmond Highway, Apt. 507
Alexandria, Virginia 22306

By: *<u>/s/ Brian E. Foster</u>*
Brian E. Foster