IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAISON FRANCISCO,
          *Plaintiff,*

   v.

TASTYTRADE, INC.,
          *Defendant.*

No. 1:25-cv-02283-MSN-WBP

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Tastytrade, Inc.'s Motion to Transfer (ECF 2) and Plaintiff's Motion to Stay Pending Arbitration (ECF 9). For the reasons stated below, the Court will grant Defendant's Motion due to lack of personal jurisdiction and transfer this action to the United States District Court for the Northern District of Illinois. Because "courts must generally decide jurisdictional issues first," and this Court is without personal jurisdiction over Defendant, the Court does not rule on Plaintiff's Motion to Stay (ECF 9). *Va. Dep't of Corrections v. Jordan*, 921 F. 3d 180, 187 (4th Cir. 2019).

## I.    BACKGROUND

### A.    Factual Background

Plaintiff Jaison Francisco is a resident of Alexandria, Virginia and a customer of Defendant Tastytrade, a Delaware corporation headquartered in Chicago, Illinois. ECF 1 at PageID# 2; 3 at PageID# 94, 95. Defendant "operates an online brokerage platform" (ECF 16 at PageID# 172) on which Plaintiff opened a futures trading account in August 2023. ECF 1-1 at PageID# 8.

Plaintiff allegedly decided to open an account with Defendant after viewing an online advertisement stating that "customers who deposited $100,000" into their Tastytrade account

"would receive a $2,000 bonus." ECF 1-1 at PageID# 8, 65. Plaintiff further alleges that, before depositing any funds into his account, he emailed a representative of Defendant, who gave him instructions on how to properly claim the promotion. *Id*. at PageID# 8.

According to Plaintiff, even after depositing $138,100.00 into his futures trading account, the $2,000 bonus was never credited to him. *Id*. at PageID# 9. Eleven days after he made this deposit, Plaintiff emailed Defendant to ask about the status of his bonus. *Id*. at PageID# 69. Defendant informed him that, per the Terms and Conditions for the promotion, the bonus was only available to customers who "opened a new securities account," and not for those who opened a futures account. *Id.* at PageID# 71. Plaintiff alleges that he was not aware of this condition prior to doing business with Defendant. *Id*. at PageID# 9.

Aside from the promotion issue, Plaintiff alleges that, on September 26, 2023, his account "displayed a false negative balance of $696.134.32," which Plaintiff describes as a "fabricated debt," ECF 1-1 at PageID# 9. After seeing this, Plaintiff attempted to sell multiple shares of "his crude oil contract position," but alleges that the online platform froze and "did not execute the market sell order" he attempted. *Id*. at PageID# 10. When Plaintiff's access to his account was restored, his balance had been "permanently" reduced by $87,837 (from $138,100.00 to $50,263.00) because the sell orders did not go through. *Id*. Defendant later informed Plaintiff that this error was as a result of a "session timeout." *Id*. Plaintiff alleges extensive emotional and financial injury from this incident. *Id*.

## B. Procedural History

Plaintiff and his wife, Shenette Francisco, originally filed this action on September 26, 2025, in the Circuit Court of Fairfax County. ECF 1-1 at 4. Mrs. Francisco has since voluntarily dismissed her claims. ECF 22. Plaintiff brings the following claims against Defendant: (1) breach

of contract; (2) fraud in the inducement; (3) conversion; (4) fraudulent misrepresentation; (5) violations of the Virginia Consumer Protection Act; (6) breach of fiduciary duty; (7) negligent infliction of emotional distress; and (8) intentional infliction of emotional distress. ECF 1-1 at PageID# 11-21.

Defendant removed the case to this Court on December 8, 2025. ECF 1 at PageID# 1. Defendant then moved to transfer venue to the Northern District of Illinois on December 29, 2025. ECF 2. Plaintiff filed a Motion to Stay the case (ECF 9), asking the Court to "stay[] all proceedings in this action pending the conclusion of the NFA arbitration" he had initiated prior to filing this action.[1] ECF 9 at PageID# 144. Defendant's motion to transfer has been fully briefed and is ripe for adjudication, and the Court dispenses with oral argument as it would not aid the decisional process.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue is proper when a case is brought in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Venue is not a substitute for personal jurisdiction, however, and if a court determines that it lacks personal jurisdiction over a defendant, that court may elect to transfer the case to a venue

---

[1]  It appears that Plaintiff has filed two substantively similar motions to stay. ECF 7, 9.

in which personal jurisdiction is proper. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005) ("Section 1406(a) has been construed to permit transfers where personal jurisdiction is lacking in the transferor court, but would be available in an alternative forum."); *see also MarieOliver LLC v. Zwanzig*, 819 F. Supp. 3d 431, 442 n.5 (M.D.N.C. 2026).

To determine whether personal jurisdiction exists over a nonresident defendant, courts first look to the state long arm statute to "assess whether the plaintiff's cause of action against the defendant and the nature of the defendant's contacts with [the state] fall within the law's scope." *Verizon Online Servs., Inc v. Ralsky*, 203 F. Supp 2d 601, 609 (E.D. Va. 2002). The Court must then determine "whether the exercise of personal jurisdiction in the circumstances is consistent with the Due Process Clause." *Am. Online, Inc. v. Huang*, 106 F. Supp. 2d 848, 853 (E.D. Va. 2000). Because Virginia's long-arm statute (Va. Code § 8.01 – 328.1) extends personal jurisdiction to the furthest extent that due process allows, the two-prong test collapses into a single inquiry. *Teleqo Tech. Sols., Inc. v. Archtop Fiber LLC*, No. 1:24-cv-01515, 2024 WL 4789130, at *2 (E.D. Va. Nov. 13, 2024) (citing *Tire Eng'g Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F. 3d 292, 301 (4th Cir. 2012)).

The Due Process Clause permits a finding of personal jurisdiction if "the defendant [has] purposefully established minimum contacts in the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotation marks omitted). Courts may exercise either general or specific personal jurisdiction over a party, depending on the nature of the case and that individual's contacts with the state. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945) (noting that general jurisdiction allows states to hear claims against a foreign corporation "on causes of action arising from dealings entirely distinct" from its actions in the forum where it maintains "substantial" and "continuous corporate operations."); *see*

4

*also ESAB Grp., Inc. v. Centricut, Inc*., 126 F.3d 617, 625 (4th Cir. 1997) ("With respect to specific jurisdiction . . . an out-of-state person [must] have engaged in some activity purposefully directed toward the forum state. The contacts related to the cause of action must create a substantial connection with the forum state.").

To be subject to general jurisdiction, a defendant must maintain such "continuous and systematic" affiliations with the forum state that they are rendered "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (establishing that, with respect to corporations, the general jurisdiction inquiry is essentially limited to where a company is incorporated or operates its principal place of business).

Alternatively, courts in the Fourth Circuit rely on three factors when determining whether they have specific personal jurisdiction over a nonresident defendant: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F. 3d 344, 352 (4th Cir. 2020).[2]

When the activities giving rise to a dispute occur online, they may constitute sufficient minimum contacts by a defendant when that person or entity "directs electronic activity into [a] State, with the manifested intent of engaging in business or other interactions within [it]," and such

---

[2] To determine whether a defendant has "purposefully availed itself" to the forum through their business activities Fourth Circuit courts analyze the following non-exhaustive list of factors: "(1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted." *Sneha Media & Ent., LLC v. Associated Broadcasting Co P Ltd.*, 911 F.3d 192, 198-99 (4th Cir. 2018).

behavior creates a potential cause of action in a resident of that State. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (cleaned up). When a business maintains a website whose operation in itself is the alleged "contact," Courts look at the "nature and quality of commercial activity that an entity conducts over the internet," on a "sliding scale," assessing *inter alia* the website's "level of interactivity." *ALS Scan*, 293 F.3d at 713-14 (citing *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp 1119, 1124 (W.D. Pa. 1997)). The Fourth Circuit also requires that Plaintiff[s] allege that such entity targets that jurisdiction's "residents…any more than it targets any other state." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 142 (4th Cir. 2020) (emphasizing that the "key issue in a specific jurisdiction case" ought to be "whether the defendant has *purposefully directed* [its] activities at residents of the forum.") (internal quotation marks omitted).

Plaintiff bears the burden by proving, by a preponderance of the evidence, that jurisdiction exists. *Verizon Online*, 203 F. Supp. 2d at 609. Courts "should review the entire sequence of events underlying [a] claim," (*Mitrano v. Hawes*, 377 F. 3d 402, 405 (2004)) but construe all relevant pleading allegations in the light most favorable to the plaintiff. *UMG Recordings*, 963 F. 3d at 350. Courts must also construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    ANALYSIS

Defendant asserts that this Court is an improper venue for Plaintiff's action because Defendant is not subject to general or specific personal jurisdiction in Virginia. ECF 3. "The absence of personal jurisdiction in a forum renders venue improper," such that "the question of venue is essentially swallowed by the jurisdictional analysis." *MarieOliver*, 819 F. Supp. 3d at 442 n.5 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008)).

6

This Court cannot exercise *general* personal jurisdiction over the Defendant, which is incorporated in Delaware and operates its principal place of business in Chicago, Illinois. ECF 3 at 8-9. Accordingly, the Court must determine whether it can exercise *specific* personal jurisdiction over the Defendant, which is evaluated based on Defendant's contacts with Virginia. *Verizon Online*, 203 F. Supp. 2d at 609. Plaintiff has not presented enough facts to permit doing so. Plaintiff asserts only that Defendant "maintains sufficient business contacts with Virginia through continuous business activities." ECF 1-1 at PageID# 8. Plaintiff makes no representations to the Court regarding the location of Defendant's offices, agents, or computer servers, where it owns property, any in-person contact it may have initiated in Virginia, or the extent of its business dealings here. *Id.*; *see Sneha Media*, 911 F. 3d at 199. To the contrary, Defendant asserts that it maintains *no* such presence in Virginia. ECF 4.

Even without physical or traditional business ties to a state, a person or entity offering goods and services online may still be considered to have "purposefully availed" themselves to the "privilege" of conducting business in that State based on their online activity. *UMG Recordings*, 963 F. 3d at 352. Plaintiff cannot prove specific jurisdiction exists, however, only by citing Defendant's publicly available website as evidence of such. According to the Fourth Circuit, "the mere fact that [a] website is accessible in a given state does not mean that [the defendant] is targeting its activities at that state" and "thus does not create the substantial connection . . . necessary to support the exercise of jurisdiction." *Fidrych*, 952 F.3d at 141, 143 (finding that the Court could not exercise personal jurisdiction over the defendant, Marriott Hotels, where Marriott's website clearly facilitated its business dealings, but the website's "interactivity" was "relatively limited," and it did not specifically target that jurisdiction's residents).

There is no evidence in the Record to suggest that Defendant's website, nor the promotion featured on it (ECF 1-1 at PageID #65) was directed towards residents of Virginia. Plaintiff has not alleged whether Defendant's website is targeted at Virginia residents, or even if it features any geographically-focused information. *See Fidrych*, 952 F.3d at 143; *see also Allcarrier Worldwide Servs., Inc. v. United Network Equip. Dealer Ass'n,* 812 F. Supp. 2d 676, 683 (D. Md. 2011) (finding that Defendant "hosting a website that accepts applications," but is otherwise "passive" cannot be sufficient to subject it to personal jurisdiction in the state where Plaintiff accessed the website simply due to Plaintiff doing so.). Moreover, the screenshot of the promotional advertisement Plaintiff does cite displays only the bonus amounts available and provides a link to a Terms and Conditions page (*Id.* at PageID# 65). It lacks any information that could indicate purposeful targeting of any particular population. Indeed, the advertisement seems to do "little more than make information available to those who are interested in it," which "is not grounds for the exercise [of] personal jurisdiction." *Zippo Mfg. Co.*, 952 F. Supp. at 1124.

In his Complaint, Plaintiff also references his interactions via email with Defendant's employee "Jerry" (ECF 1-1 at PageID# 67), which could be construed as relevant contact with this jurisdiction insofar as Plaintiff was in Virginia when the exchange occurred. *Id*. at PageID# 8-9, 66. As noted in *Sneha Media,* Courts must consider the "nature, quality, and extent of the parties' communications about the business being transacted," in evaluating minimum contacts. 911 F. 3d at 199. The Fourth Circuit has held that emails and text messages directed at residents of a forum *can* give rise to specific jurisdiction, but not when those communications are "single or sporadic." *Lillie v. Guerra* 559 F. Supp. 3d 464, 473 (M.D.N.C. 2021) (finding personal jurisdiction where "Defendants emailed and texted Plaintiffs regularly" over the course of multiple months and Defendants implied they travelled to the forum state); *Consulting Eng'rs Corp. v. Geometric Ltd.*,

8

561 F.3d 273, 280 (4th Cir. 2009) (holding defendant contacts were "too attenuated" to confer personal jurisdiction when communication between the parties was limited to a few brief emails and defendant did not initiate contact with the plaintiff nor maintain any physical connection to the forum state).

Considering the aforementioned factors, Plaintiff's single email communication with Jerry is not sufficient to establish personal jurisdiction over Defendant. ECF 1-1 at PageID# 67, 71; *see generally Consulting Eng'rs*, 561 F.3d at 280. Plaintiff came into contact with Jerry by emailing Defendant's support address asking whether "the bonus" would be available to him if he funded his account with "$100k+." *Id*. at PageID# 67. Plaintiff evidently already knew about Defendant's promotion, and there is no indication that Jerry knew anything specific about Plaintiff when he responded with information regarding how Plaintiff could claim the bonus. There is no evidence to suggest that Jerry even knew Plaintiff was in Virginia, further undermining any idea that Defendant, through Jerry, was engaged in targeting.

This Court recognizes that Plaintiff both resides and allegedly experienced injury in Virginia. ECF 15 at PageID# 161. That said, "plaintiff's contacts with the forum State cannot be 'decisive in determining whether the *defendant's* due process rights are violated.'" *Walden v. Fiore*, 571 U.S. 277, 279 (2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)) (emphasis added). The mere fact that Plaintiff, on his own accord, accessed Defendant's services online cannot satisfy the due process requirements at issue here. *ALS Scan*, 293 F.3d at 712 (noting that, if "a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the . . . sense that a State has geographically limited judicial power, would no longer exist.").

9

This Court concludes that Defendant is not subject to specific personal jurisdiction in Virginia because its case-related contacts with the Commonwealth are not substantial enough to satisfy the requirements of due process. *See Fidrych*, 952 F.3d at 147. Therefore, this Court must either dismiss or transfer Plaintiff's action pursuant to 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464 (1962). Defendant has moved to transfer this case to the Northern District of Illinois, where it appears venue will be proper because Defendant is subject to general personal jurisdiction there. *Daimler*, 571 U.S. at 122. This Court deems that it would be "in the interest of justice" to transfer this case rather than dismiss it outright. 28 U.S.C. § 1406(a).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Transfer Venue (ECF 2) is GRANTED; it is further

ORDERED that this civil action be transferred to the United States District Court for the Northern District of Illinois.

IT IS SO ORDERED.

The Clerk of Court is directed to transfer this civil action to the United States District Court for the Northern District of Illinois, forward copies of this Order to counsel of record and Plaintiff *pro se*, and to place this matter among the ended causes.

/s/
_____
Michael S. Nachmanoff
United States District Judge

June 9, 2026
Alexandria, Virginia

10